## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA HUCHEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, | )    Case No. CIV-22-593-SM |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Angela Huchel (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 12, 14.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings because the Administrative Law Judge (ALJ) improperly omitted one of Plaintiff's limitations from the residual functional capacity[1] (RFC) assessment. Doc. 15, at 3. In so doing, he impermissibly "cherry-picked the opinion," ignoring a restrictive portion of the

---

[1]     Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

"persuasive" medical opinion. *Id.* at 5, 8. After a careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

---

[2]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 39-49; *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since March 31, 2017, the alleged onset date;

(2)   had the severe medically determinable impairments of carpal tunnel syndrome and sciatica;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the RFC to perform light work; and can lift twenty pounds occasionally and carry ten pounds frequently; can stand or walk alternatively for up to six hours in an eight-hour day, with sitting occurring intermittently throughout the day; can reach, push and pull with upper extremities up to six hours in an eight-hour day; can use hands for grasping, holding, and turning objects up to six hours in an eight-hour day; and can alternatively climb, stoop, kneel, crouch, crawl, and balance up to six hours in an eight-hour day;

(5)     was able to perform her past relevant work as a Clothing
         Salesperson and Waitress;

(6)     could also perform jobs that exist in significant numbers in
         the national economy such as Housekeeping Cleaner, Fast
         Food Worker, and Cashier; and so,

(7)     had not been under a disability from March 31, 2017,
         through June 3, 2020.

*See* AR 39-49.

### 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-5, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.   Judicial review of the Commissioner's final decision.

### A.   Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

"We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quotations omitted). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quotations omitted).

"[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

**B.    Substantial evidence supports the ALJ's formulation of the RFC.**

Plaintiff argues "the ALJ appears to cherry-pick Dr. [Rachele] Floyd's medical opinion, specifically quoting a majority of [the] opinion and finding it persuasive, but omitting [the] opinion that due to [Plaintiff's] mental impairments, she may develop panic attacks in stressful situations, requiring her to step away from her work to calm down." Doc. 15, at 5.

Dr. Floyd assessed Plaintiff with Panic Disorder, Social Anxiety Disorder, and Persistent Depressive Disorder. AR 523. She then found:

> From a mental status standpoint this individual's ability to understand, remember and carry out simple and complex instructions in a work-related environment would be rated as excellent. Her ability to concentrate and persist in work-related activities at a reasonable pace appears excellent. She appears capable of maintaining effective social interactions with supervisors, co-workers, and the public. While she reported social anxiety, she also indicated that she functioned well in a customer service type position. She may develop panic attacks when in a stressful situation, but reported that in her previous job she was able to find a place to go calm down, then return to work without anyone being aware. Therefore, it appears that she has developed positive coping strategies.

*Id.* 523-24. Dr. Floyd also stated that Plaintiff's "condition would likely improve with mental health treatment" but that "[f]urther evaluation of her mental status does not appear necessary at this time." *Id.* at 523.

In finding Dr. Floyd's opinion persuasive, the ALJ stated:

In this case, I find the opinion of Dr. Floyd, wherein she opines "From a mental status standpoint this individual's ability to understand, remember and carry out simple and complex instructions in a work-related environment would be rated as excellent. Her ability to concentrate and persist in work-related activities at a reasonable pace appears excellent. She appears capable of maintaining effective social interactions with supervisors, co-workers, and the public" consistent and persuasive.

*Id.* at 47.

### 1.    The ALJ's consideration of Plaintiff's mental impairments.

Plaintiff alleged disability in part from her anxiety. AR 40.

In assessing a claimant's RFC, "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria [for severity] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. . . . The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]."

*Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *4).

The ALJ concluded Plaintiff suffered from no severe mental impairments. AR 40. The ALJ considered Plaintiff's mental health history. Plaintiff testified she had her first mental health counseling session the day before her hearing. AR 67. The ALJ stated that he considered the "entire record" and considered her testimony about depression and anxiety. *Id.* at 42;

*see Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word." (internal quotation marks omitted)).

The ALJ found Plaintiff's anxiety to be nonsevere. AR 40. In three of the four broad functional "paragraph B" criteria, the ALJ found Plaintiff to have a mild limitation. *Id.* at 40-42. In the fourth, adapting or managing oneself, the ALJ found Plaintiff had no limitation. *Id.* at 42. The ALJ "f[ou]nd the prior administrative findings consistent with the record and persuasive." *Id.* at 42-43. These findings noted only mild limitations in each broad functional area, and concluded Plaintiff needed no functional workplace limitations based on her mental impairments. *Id.* at 87-89, 98-100, 112-14, 124-26.

After finding that Plaintiff had the above three mild limitations, he was "under no obligation" to include limitations in these areas in the RFC. *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013); *see Suttles v. Colvin*, 543 F. App'x 824, 826-27 (10th Cir. 2013) ("Mr. Suttles also objects that the ALJ omitted from the RFC assessment a mild limitation found at step two regarding concentration, persistence, or pace. However, this court has repeatedly held, albeit in unpublished decisions, that mental limitations noted in the threshold inquiry at steps two and three do not apply at later steps.") (collecting cases). The ALJ considered Plaintiff's mental functional capacity

and decided that the alleged mental impairment of anxiety had an inconsequential effect upon Plaintiff's RFC assessment. Substantial evidence supports this determination.

The ALJ also found Plaintiff's statement about the intensity, persistence, and limiting effects of her symptoms to be inconsistent with the evidence of record. AR 44.

### 2.   The ALJ's consideration of Dr. Floyd's opinion.

The ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ evaluates the persuasiveness of medical opinions by the claimant's physician using five factors, the most important of which are supportability and consistency. *Id.* §§ 404.1520c(a); 416.920c(a); *see also Zhu v. Comm'r, SSA*, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021).

> "Supportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." "Consistency," on the other hand, compares a medical opinion to the evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."

*Zhu*, 2021 WL 2794533, at *6 (citations omitted).

As to Dr. Floyd's opinion, the ALJ made no mention of the final two sentences Dr. Floyd submitted about Plaintiff's possible panic attacks and her positive coping strategies. The ALJ limited his finding of persuasiveness of Dr. Floyd's opinion to the quoted section, limiting it to "wherein she opines." And, as the Commissioner argues, the final two sentences are not an opinion because they do not tell the reader what Plaintiff "can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions" related to her "ability to perform mental demands of work activities." 20 C.F.R. §§ 404.1513(a)(2) & (ii); 416.913(a)(2) & (i)(B). That Plaintiff "may" have a panic attack under unspecified circumstances, and that she has developed positive coping strategies, provide no information about a functional limitation or restriction.

One of the past jobs the vocational expert identified that Plaintiff can still perform was Clothing Salesperson. AR 79. That is the same position in which Plaintiff referenced having had panic attacks and calming down without anyone knowing and without impact on her work "at all." *Id.* at 522.

To the extent Dr. Floyd's statement about Plaintiff's panic attacks is an opinion, Dr. Floyd also concluded Plaintiff developed positive coping strategies and returned to work. *Id.* at 523-24. If the ALJ erred, that error is harmless.

III.   **Conclusion.**

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 27th day of April, 2023.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE